UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY L. HARDIE,

    Plaintiff,

v.

NISQUALLY CORRECTIONS SUPERINTENDENT, DR. SHUE, JOHN DOE, JANE DOE,

    Defendants.

CASE NO. C15-5088 BHS-KLS

ORDER TO AMEND COMPLAINT OR SHOW CAUSE

*Pro se* Plaintiff Jeffrey L. Hardie, an inmate at the Pierce County Jail, proceeding *in forma pauperis,* brings this 42 U.S.C. § 1983 civil rights action alleging that his civil rights were violated when he was denied medical care while incarcerated at the Nisqually Corrections Center. Dkt. 6. The Court declines to serve the complaint because it contains pleading deficiencies. As discussed below, the Court **ORDERS** Plaintiff to show cause – by filing an amended complaint by **April 27, 2015** – why this matter should not be dismissed for failure to state a claim.

**BACKGROUND**

Plaintiff alleges that when he was booked into the Nisqually Corrections Center on "Oct. 5 2015," there was no booking nurse to access his medical needs or to verify his medications for

ORDER TO AMEND - 1

seizure disorder, pain, anxiety, and depression.  He was seen by Dr. Shue, a medical doctor at the Nisqually Corrections Center, on "10-6-12" when he was examined.  At that time, Plaintiff shared information about his medications and treating physicians and that Dr. Shue faxed releases for information.  On October 11th [year not stated], Plaintiff was seen by Jane Doe PA who confirmed his medications but ordered only a small portion of his required medications.  He received no medications for two more days and during that time he suffered pain and several seizures, including a gran mal seizure which required paramedics to be dispatched for his treatment.

Plaintiff also alleges that he was placed in administrative segregation where he was denied access to running water, medical care, clothing, mattress, bedding, and with human feces on the walls.  Plaintiff does not indicate when this occurred.

Plaintiff sues the Superintendent of the Nisqually Corrections Center, Dr. Shue, and the John and Jane Doe officers at the Nisqually Corrections Center.  He seeks an unspecified amount of compensation for mental anguish, pain and suffering, and being confined in an unsanitary environment.  *Id.*, p. 4.

**DISCUSSION**

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  To sustain a § 1983 action, a plaintiff must show (a) that she suffered a violation of rights protected by the Constitution or created by federal statute, and (b) that the violation was proximately caused by a person acting under color of state or federal law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  In general, a § 1983 plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights because a defendant cannot be held liable solely on the basis of supervisory responsibility or position.  *See*

1  *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691–94 (1978).

Plaintiff's complaint suffers from deficiencies that, if not corrected in an amended complaint, require dismissal.  In the amended complaint, Plaintiff must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that person's conduct.  See *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).  Plaintiff is further advised as follows:

**A.     Statute of Limitations**

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used.  In Washington, a plaintiff has three years to file an action.  *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir.1981).  The Washington statute for personal injury reads as follows:

> The following actions shall be commenced within three years: ... (2) An action for taking, detaining, or injury personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated.

RCW 4.16.080(2) (emphasis added).

Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999).  A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996); see also *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001), quoting *Tworivers*, 174 F.3d at 992. The proper focus is upon the time of the discriminatory acts, not upon the time at which the

consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir.1979).

Although the statute of limitations is an affirmative defense that normally may not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. See *Franklin v. Murphy,* 745 F.2d 1221, 1228–30 (9th Cir.1984).

It is not entirely clear when Plaintiff had actual notice of the facts for the claims he seeks to raise herein. For example, he alleges that he was seen and treated by Dr. Shue on October 6, 2012 and that on October 11th (presumably also in 2012) he was seen by Jane Doe PA. However, he does not state when he was placed in administrative segregation nor is it clear when Plaintiff was booked into the Nisqually Corrections Center because he states a date of October 5, 2015, which has not yet occurred.

Plaintiff must show cause why all of the foregoing claims are not barred by the statute of limitations. In addition, Plaintiff must allege in more specific terms who harmed him, when they harmed him, and how that harm violated a specific constitutional right. In addition, it is not sufficient to name parties merely in their supervisory capacities. For example, Plaintiff names the Superintendent of the Nisqually Corrections Center but does not allege how he was involved in any alleged constitutional deprivation. "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted).

//

//

**B.     Exhaustion**

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all administrative remedies before bringing a § 1983 claim. 42 U.S.C. § 1997e(a); *Griffin*, at 1119. To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process. *Id*. Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm. *Id.* at 1120.

Exhaustion must *precede* the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.2002). In his complaint, Plaintiff states that there is no grievance procedure available at the place of his present confinement (the Pierce County Jail), he then states that "no grievance was supplied upon request," but also states that the grievance process is completed. Dkt. 6, p. 2. Plaintiff also does not state whether he filed a grievance at the Nisqually Corrections Center after he was allegedly his medications. Plaintiff is directed to explain why his complaint should not be dismissed without prejudice for failure to fully exhaust.

Plaintiff may file an amended complaint to cure the deficiencies noted herein. Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's rights.

1       If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **April 27, 2015**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

      **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff**.

      **DATED** this <u>25th</u> day of March, 2015.

*[signature]*

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND - 6