UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY L. HARDIE,

                Plaintiff,

  v.

NISQUALLY CORRECTIONS SUPERINTENDENT, DR. SHUE, JOHN DOE CORECTIONS OFFICER,

                Defendants.

No. C15-5088 BHS-KLS

ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR EXTENSION OF TIME

In a letter filed on April 20, 2015, Plaintiff Jeffrey L. Hardie requested the appointment of counsel and an extension of time until his release from the Pierce County Jail "sometime mid June 2015." Dkt. 13. On May 21, 2015, Mr. Hardie again requested the appointment of counsel. Dkt. 15. The Court directed service of the Amended Complaint on April 13, 2015. Dkt. 12. A waiver of service has been filed on behalf of Defendants (Dkt. 14) but the deadline for Defendants to respond to the complaint has not yet passed.

Having carefully reviewed the motion and balance of the record, the Court finds that the motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

ORDER - 1

discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

      Mr. Hardie requests the appointment of counsel because he cannot afford to hire counsel, the case is factually and legally complex, and his incarceration limits his ability to investigate his claims.  Dkts. 13 and 15.  The inability to hire counsel is not an exceptional circumstance warranting court appointment.  Mr. Hardie alleges that he was denied appropriate medical care and medications at the Nisqually Corrections Center.  Thus, his case does not involve complex facts or law and Mr. Hardie has shown an ability to articulate his claims in a clear fashion understandable to the Court.  Other than stating in conclusory fashion that his case has merit, Mr. Hardie does not show that he is likely to succeed on the merits of his case.

      In addition, Mr. Hardie is not entitled to an extension of time.  He presently faces no deadlines in this case and Defendants have not yet responded to the amended complaint.

//

//

ORDER - 2

Accordingly, it is **ORDERED:**

(1) Plaintiff's motions for counsel and for an extension of time (Dkts. 13 and 15) are **DENIED.**

(2) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

**DATED** this 22nd day of May, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3