UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY L. HARDIE,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DR. SHUE, NISQUALLY CORRECTIONS SUPERINTENDENT, JOHN DOE CORRECTIONS OFFICER,<br><br>　　　　　　　　　Defendants,<br><br>NISQUALLY INDIAN TRIBE,<br><br>　　　　　　　　　Defendant-Intervenor. | No. C15-5088 BHS-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  August 7, 2015** |

　　Defendant-Intervenor Nisqually Indian Tribe moves the Court pursuant to Fed. R. Civ. P. 12(b)(1) (3), and (6) for dismissal of Plaintiff's claims.  The Nisqually Indian Tribe contends that Mr. Hardie's claims are barred by a failure to exhaust remedies and by the sovereign immunity of the Nisqually Indian Tribe.  The undersigned recommends that Defendant's motion be granted and that Mr. Hardie's claims be dismissed with prejudice.

**STATEMENT OF FACTS**

　　For the purposes of this motion, the allegations contained in Mr. Hardie's amended complaint (Dkt. 8) are accepted as true.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

REPORT AND RECOMMENDATION - 1

On October 5, 2014, Mr. Hardie was booked into the Nisqually Corrections. At the time, he had been prescribed narcotic and anti-anxiety medications by his personal physician. On October 6, 2014, he was seen by a doctor employed by the Nisqually Indian Nation, who failed to ensure that he received his medications or ensure that he was properly tapered off the medications so as not to expose him to a risk of seizure. On October 12, 2014, Mr. Hardie was seen by a physician's assistant employed by the Nisqually Indian Nation, who ordered the proper dosage of seizure disorder medications but the medications did not arrive until about October 14, 2014, 9 days after he was booked. On October 16, 2014, Mr. Hardie suffered a gran mal seizure, which he contends was caused by the failure to timely provide him with the appropriate medication. After he was treated by 911, he was placed in observation. There, Mr. Hardie alleges that he received no bedding, no mattress, shower, or change of clothing and that there was human feces on the walls and no running water, all of which placed him at great risk of disease. Dkt. 8, pp. 3-4.

## STANDARD OF REVIEW

A court may grant a motion for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), *reh'g denied*, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287,

REPORT AND RECOMMENDATION - 2

1290 (9th Cir. 1977). Where a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *reh'g denied*, 405 U.S. 948 (1972). While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983. *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976); *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

## DISCUSSION

Defendant contends that Mr. Hardie's claims must be dismissed because the sovereign immunity of the Nisqually Indian Tribe and its employees bars this action and Mr. Hardie failed to exhaust his available remedies. Because the Court agrees that Mr. Hardie's claims are premature, it recommends that the motion to dismiss be granted on failure to exhaust grounds and does not address Defendant's additional grounds for dismissal.

Because Mr. Hardie alleges that he was injured on the Nisqually Indian Reservation at the hands of Nisqually Tribal employees, he is required to exhaust Tribal remedies, either administrative or judicial, before pursuing remedies elsewhere. *National Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 855–56, 105 S.Ct. 2447, 2453–54, 85 L.Ed.2d 818 (1985) (exhaustion of tribal court remedies was required before claim for injunctive relief could be entertained by District Court.) Comity therefore requires that if Tribal remedies exist, federal courts should not exercise jurisdiction until the parties have exhausted such remedies. *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16-17, 107 S.Ct. 971, 976-977, 94 L.Ed.2d 10 (1987) (a

REPORT AND RECOMMENDATION - 3

"federal court's exercise of jurisdiction over matters relating to reservation affairs can also impair the authority of tribal courts.")

According to Defendant, Mr. Hardie can seek redress for his alleged injuries in the Nisqually Tribal Court through the Tribe's Tort Claims Act, Title 43 of the Nisqually Tribal Code. http://www.nisqually-nsn.gov/files/3913/7356/7213/Title_43_-_Tort_Claims_Act.pdf . Dkt. 18, p. 7.

**CONCLUSION**

The undersigned recommends that Defendant's motion to dismiss (Dkt. 18) be **Granted** and Plaintiff's § 1983 claims against Defendants **dismissed without prejudice for failure to exhaust.**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 7, 2015**, as noted in the caption.

**DATED** this  20th   day of July, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4